**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Robert Da–Juan GAINES, Appellant.**

Superior Court of Pennsylvania.

Argued June 30, 2015.
Filed Nov. 5, 2015.

Geoffrey S. McInroy, Harrisburg, for appellant.

Zachary I. Mills, Assistant District Attorney, Chambersburg, for Commonwealth, appellee.

BEFORE: GANTMAN, P.J., BENDER, P.J.E., PANELLA, J., DONOHUE, J., SHOGAN, J., ALLEN, J., LAZARUS, J., MUNDY, J., and STABILE, J.

OPINION BY MUNDY, J.:

Appellant, Robert Da–Juan Gaines, appeals from the July 15, 2013 order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. After careful review, we quash this appeal.

We summarize the relevant facts and procedural history of this case as follows. On September 8, 2009, the Commonwealth filed an information charging Appellant with two counts each of unlawful delivery of a controlled substance, criminal conspiracy, and criminal use of a communication facility.[1] On October 11, 2010, Appellant proceeded to a jury trial, at the conclusion of which the jury found Appellant guilty of all counts except for one count of unlawful delivery of a controlled substance. On November 17, 2010, the trial court imposed

October 13, 2015, we ordered the unpublished memorandum withdrawn, and we now replace it with the present opinion.

1. 35 P.S. § 780–113(a)(30), 18 Pa.C.S.A. §§ 903(a)(1), and 7512(a), respectively.

an aggregate sentence of 102 to 360 months' imprisonment. On December 17, 2010, Appellant filed a timely notice of appeal to this Court. This Court affirmed the judgment of sentence on August 15, 2011. *Commonwealth v. Gaines,* 32 A.3d 834 (Pa.Super.2011) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On September 14, 2012, Appellant filed a timely, counseled PCRA petition. Among the claims therein, Appellant argued that "[his c]ounsel failed to bring to the attention of the [s]entencing [c]ourt the miscalculation of [his prior record score], leading to a standard range sentence that did not accurately reflect a proper calculation of his prior record." Appellant's PCRA Petition, 9/14/12, at ¶ 6. The Commonwealth filed its answer on October 8, 2012. On April 12, 2013, the PCRA court entered an order scheduling resentencing in accordance with a stipulation between Appellant and the Commonwealth that Appellant's original sentence was based on an improperly calculated prior record score.[2] On April 25, 2013, Appellant filed a petition to amend his PCRA petition, which the PCRA court granted on May 1, 2013. Appellant filed an amended PCRA petition on May 21, 2013.[3] The PCRA court conducted a hearing on June 19, 2013. On July 15, 2013, the PCRA court entered an order denying Appellant's request for PCRA relief; however, the record reveals that the clerk of courts did not mail said order to Appellant until July 17, 2013. On July 17, 2013, the trial court resentenced Appellant to an aggregate term of 64 to 156 months' imprisonment with credit for time served. On July 29, 2013, Appellant filed a motion to modify sentence, which was granted the next day to include that Appellant was RRRI eligible.[4] On August 19, 2013, Appellant filed a notice of appeal.[5]

2. The PCRA court's order appears to grant Appellant relief without specifically concluding that prior counsel was ineffective. *See* PCRA Court Order, 4/12/13, at 2 (stating, "there is no finding for th[e PCRA c]ourt to make as to ineffective assistance of counsel as the matter is being addressed by the [PCRA c]ourt as to that issue[ ]").

3. The concurrence avers that Appellant's May 21, 2013 amended PCRA petition was an untimely second PCRA petition, because Appellant withdrew his remaining ineffective assistance of counsel claims from his original PCRA petition. Concurring Opinion at 20. Although the PCRA court's April 12, 2013 order states that Appellant "intended to withdraw" his other claims, the next paragraph in the same order states the following.

The defense counsel has alerted ... the Court to additional information that he has recently learned which may require him to amend [Appellant]'s PCRA petition. The Court finds that in the interest of judicial economy, that [Appellant] shall be detained in the Franklin County Jail for a period of 10 days from today's date so that he may meet with his counsel ... for the development of an amended PCRA petition.

PCRA Court Order, 4/12/13, at 2–3. Therefore, the PCRA court's order that granted resentencing also granted Appellant leave to amend his petition. We note that this technically rendered Appellant's April 25, 2013 formal request for leave to amend superfluous. Nevertheless, it is axiomatic that granting leave to amend was well within the PCRA court's discretion. *See* Pa.R.Crim.P. 905(A) (stating, "[t]he judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time ... [and a]mendment shall be freely allowed to achieve substantial justice[ ]"). Therefore, Appellant's May 21, 2013 petition is properly characterized as an amended PCRA petition rather than a second untimely petition.

4. As the tenth day fell on a Saturday, Appellant's post-sentence motion filed on Monday, July 29, 2013 was timely. *See generally* Pa. R.Crim.P. 720(A); 1 Pa.C.S.A. § 1908.

5. Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On July 14, 2014, this Court filed an unpublished memorandum quashing Appellant's appeal as untimely. Appellant filed a timely petition for reargument *en banc* on July 23, 2014. On September 22, 2014, this Court entered an order granting Appellant's petition for reargument *en banc*. Both Appellant and the Commonwealth filed substituted briefs; however, neither addressed the issue the original panel found dispositive, *i.e.*, whether the untimeliness of Appellant's notice of appeal divested this Court of jurisdiction to consider Appellant's claims. Therefore, on April 21, 2015, this Court entered an order directing the parties to file supplemental briefs addressing the jurisdictional issue, with which both parties complied.

In his substituted brief, Appellant raises one issue for our review.

A. [Whether the] ineffectiveness of trial counsel resulted in a conviction that was unjustly reached[?]

Appellant's Brief at 4.

 Before we address the merits of Appellant's appeal, we first address the question upon which we granted reargument *en banc*, that is, whether this appeal is properly before us. We may raise issues concerning our appellate jurisdiction *sua sponte*. *Commonwealth v. Andre*, 17 A.3d 951, 957–958 (Pa.Super.2011). In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all "notice[s] of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Because this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace." *Commonwealth v. Pena*, 31 A.3d 704, 706 (Pa.Super.2011) (citation omitted).

In general, appeals are properly taken from final orders. *See* Pa.R.A.P. 341(b)(2) (stating an appeal lies from an order that "is expressly defined as a final order by statute[ ]"). Appellant's entire argument on appeal pertains to ineffectiveness of counsel, which stems from the July 15, 2013 order denying his guilt phase claims for relief under the PCRA. *See* Appellant's Brief at 1 (stating, "[t]his is an appeal from [the PCRA court's order] dated July 15, 2013 on the preserved issue of the [PCRA c]ourt's denial of the [PCRA p]etition filed September 14, 2012 and [the amended PCRA petition] filed May 21, 2013[ ]"). Pennsylvania Rule of Criminal Procedure 910 governs PCRA appeals and provides as follows.

An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal.

Pa.R.Crim.P. 910. By its plain text, Rule 910 has no exceptions. It is absolute. Further, the comment to Rule 910 states that "[a] partial disposition under Rule 907[3] is not a final order until the judge has fully disposed of all claims." *Id.* at cmt.

 In our view, there can be no serious dispute that the order granting in part and denying in part all the issues raised in the PCRA petition "finally dispos[ed]" of Appellant's PCRA petition. Pa.R.Crim.P. 910. Here, Appellant's PCRA petition raised several claims, each seeking either a new trial or resentencing. The PCRA court granted one sentencing claim and denied all claims for a new trial. As a result, the PCRA court's July 15, 2013 order ended collateral proceedings and called for a new sentencing proceeding, which is a trial court function, not a collateral proceeding function. Therefore, the PCRA court's order disposed of all of Appellant's **claims** in his PCRA petition, ter-

minating its role in the proceedings.[6] *See id.* at cmt. Under a plain, straightforward application of Rule 910, the PCRA court's order was a final one.[7]

Here, the PCRA court's order was docketed on July 15, 2013. However, as this order was not mailed to Appellant until July 17, 2013, the appeal period did not begin until this date.[8] *See* Pa.R.A.P. 108(a)(1) (stating, "in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties ...[ ]"). Therefore, Appellant's notice of appeal was due 30 days from July 17, 2013, which was Friday, August 16, 2013. Appellant's notice of appeal in this case was not filed until Monday, August 19, 2013, three days past the Rule 903 filing deadline.[9]

However, Appellant avers that the PCRA court's July 15, 2013 order was not final. In his reargument petition, Appellant averred that his appeal lies from the new July 17, 2013 judgment of sentence. Appellant's Reargument Petition, 7/23/14,

at 9–10. Stated another way, Appellant's argument is that an order granting relief under the PCRA is not a final order; rather, the final order is the order imposed at the completion of the trial court proceeding ordered by the PCRA court's grant of relief.[10] This proposed procedural rule would resolve this exact case because here the Commonwealth stipulated that Appellant was entitled to resentencing, essentially precluding the Commonwealth from appealing the grant of PCRA relief in the form of resentencing. However, this rule would have to be applied to **all** PCRA appeals that come to this Court. When applied outside of this specific case and taken to its logical conclusion, Appellant's proposed procedure would have serious far-reaching consequences.

For example, let us assume a timely PCRA petition raises one guilt-phase claim and one sentencing-phase claim. The PCRA court conducts an evidentiary hearing and grants the defendant a new trial, rendering the sentencing issue moot. Under Appellant's proposed procedure, the Commonwealth would be **required** to wait to appeal this PCRA order until an order is imposed following the conclusion of the

---

6. In appropriate circumstances, a PCRA court may impose the new sentence in its PCRA court order, as opposed to ordering a new sentencing proceeding. However, it is not in dispute that the PCRA court did not do so in the instant case.

7. Although not dispositive on its own, we note that the PCRA court's July 15, 2013 order included the required notification that Appellant had 30 days to appeal, and cited to Rule 910. *See* PCRA Court Order, 7/15/13, at 1; Pa.R.Crim.P. 908(E) (stating, "[i]f the judge disposes of the case ... when the defendant is not present in open court, the judge ... shall advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed[ ]").

8. We reject Appellant's argument that the appeal period did not begin to run until July 19, 2013, when counsel received the PCRA court's order. *See generally* Appellant's Supplemental Brief at 2. Appellant does not cite to any authority for the proposition that the Rule 903 filing period begins on the date the order is received, and this would contradict the plain text of Rule 108(a).

9. We note that Appellant's notice of appeal was dated August 19, 2013 as well. *See* Appellant's Notice of Appeal, 8/19/13, at 1.

10. Appellant does not raise any issues pertaining to the July 17, 2013 new judgment of sentence. His claims in this appeal are limited to ineffective assistance of counsel, which only pertain to the July 15, 2013 order denying his PCRA petition in part.

proceeding resulting from the partial grant of the relief ordered by the PCRA court, *i.e.,* the completion of the new trial. Aside from distorting the plain text of Rule 910, the application of the Appellant's proposed new procedure becomes more problematic if at the second trial, the defendant is acquitted, as it is hornbook federal constitutional law that the Commonwealth cannot appeal an acquittal under the Double Jeopardy Clause. *United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). There is no functional difference between a grant of resentencing and the grant of a new trial, as they both would artificially end collateral review under Appellant's rule. The only way to make the Appellant's proposed rule appear viable, would be to further fracture Rule 910 and hold that this new procedure is only applicable to partial grants of sentencing relief, not new trials. However, as we noted above, Rule 910 contains no exceptions and provides no support for the creation of such a schism.[11]

Finally, if we adopted Appellant's proposed rule, this Court would be creating an entirely new procedure for the appealability of a PCRA court order that grants resentencing but denies a new trial.

However, Article V, section 10(c) of the Pennsylvania Constitution states that "[t]he Supreme Court shall have the power to prescribe general rules governing practice, **procedure** and the conduct of all courts[.]" Pa. Const. art. V, § 10(c) (emphasis added). This Court has previously refrained from tampering with the finality and appealability of orders, as we concluded that doing so would encroach upon our Supreme Court's exclusive rulemaking power. *See In re M.D.,* 839 A.2d 1116, 1121 (Pa.Super.2003) (stating, "if we were to deem all [juvenile court] review orders subject to appeal, we would be engaging in rulemaking, a function within the exclusive jurisdiction of the Pennsylvania Supreme Court[ ]"). We likewise resist the temptation to do so here. By altering what is and what is not a final, appealable order, this Court would be promulgating a new procedural rule for appealing partial grants of PCRA relief. In our view, if there is to be such a new procedure, it should only come from the Rules Committee and our Supreme Court. In light of all the aforementioned considerations, we hold that the PCRA court's July 15, 2013 order granting in part and denying in part Appellant's PCRA petition was a final order under Rule 910.

---

**11.** Appellant also acknowledges that this Court has tried to implement this procedure before in *Commonwealth v. Bryant,* 566 Pa. 307, 780 A.2d 646 (2001). Appellant's Supplemental Brief at 3. In *Bryant,* our Supreme Court held that when a PCRA court denies all claims of relief with respect to the guilt phase, but orders a new sentencing hearing, its order is a final one. *Bryant, supra* at 648. In doing so, our Supreme Court disapproved of the very procedure Appellant asks this Court to adopt. Appellant argues that *Bryant's* holding is only applicable to capital cases. Appellant's Supplemental Brief at 3. Regardless of how *Bryant* should be viewed in the larger spectrum of PCRA cases, capital PCRA appeals are the smaller subset of PCRA cases that are adjudicated in this Commonwealth. As noted above, in *Bryant,* this Court created,

for capital cases, the same procedure that Appellant urges us to adopt here. Our Supreme Court specifically disapproved the procedure. We cannot agree that our Supreme Court in *Bryant* intended *sub silentio* to hold that the same procedure it disapproved for the smaller subset of PCRA appeals **was** permissible for the **larger** subset of PCRA appeals, *i.e.,* non-capital cases.

We also stress that when a PCRA court grants in part and denies in part a PCRA petition, the fact that it is final for purposes of appeal is not a procedure that our Supreme Court invented specifically for *Bryant.* Rather, it is a straightforward application of Rule 910, which our Supreme Court explicitly cited to with approval in *Bryant. Bryant, supra, quoting* Pa.R.Crim.P. 1510 (now Rule 910).

Based on the foregoing, we conclude that Appellant's notice of appeal was untimely filed from the July 15, 2013 order disposing of Appellant's PCRA petition. Accordingly, we are without jurisdiction and quash this appeal.

Appeal quashed.

Judge PANELLA and Judge LAZARUS join the opinion.

Judge STABILE concurs in the result.

Judge DONOHUE files a concurring opinion in which Judge STABILE joins. President Judge EMERITUS BENDER files a dissenting opinion in which President Judge GANTMAN and Judge SHOGAN join.

Judge ALLEN did not participate in the consideration or decision of this case.

## CONCURRING OPINION BY DONOHUE, J.:

I agree that this appeal is untimely and concur with the decision to quash, but for different reasons. The Majority conducts its review from the premise that the petition Gaines filed on May 21, 2013 was an amended PCRA petition. In my view, Gaines' May 21, 2013 filing was an untimely second PCRA petition rather than an amendment to his first PCRA petition. Thus, the issue of whether a PCRA order is final when entered or following the completion of further action ordered by the PCRA court is not properly before this Court.

The relevant timeline is as follows. Gaines' judgment of sentence became final on September 15, 2011. On September 14, 2012, Gaines filed his first PCRA petition. A hearing on the PCRA claims was scheduled for April 11, 2013, and after convening on that date, the PCRA court entered an order granting resentencing. On May 1, 2013, as the parties awaited resentenc-

ing, Gaines filed a petition seeking permission to amend his PCRA petition. The trial court granted this petition and on May 21, 2013, Gaines filed what he called an "amended PCRA petition," raising claims of ineffective assistance of counsel. The PCRA court denied this "amended petition" on July 15, 2013. On July 17, 2013, the trial court resentenced Gaines. On August 19, 2013, Gaines filed his appeal from the July 15, 2013 order denying his "amended" PCRA petition.

As stated above, my departure from the Majority's view stems from its characterization of the petition Gaines filed on May 21, 2013 as an amended PCRA petition. When the parties convened for the hearing on Gaines' first PCRA petition, no hearing occurred; rather, the parties entered into a stipulation that Gaines' prior record score was incorrectly calculated at the time of his sentencing. PCRA Court Order, 4/11/13, ¶ 2. Based upon this stipulation, the PCRA court ordered that Gaines be resentenced and set the resentencing for May 22, 2013. *Id.* ¶ 7. The PCRA court took no further action on Gaines' remaining claims (all of which asserted ineffective assistance of counsel) based upon Gaines' stated intention to withdraw these claims in light of the Commonwealth's agreement regarding his prior record score. *Id.* ¶ 4. Accordingly, I conclude that the PCRA court granted relief as to one of Gaines' claims and Gaines withdrew the remaining claims, thereby fully disposing of his PCRA petition. This conclusion is buttressed by the fact that the PCRA court ordered and scheduled Gaines' resentencing during this proceeding even though, in his PCRA petition, Gaines sought a new trial based upon his allegations of ineffective assistance of counsel. PCRA Petition, 9/14/12, ¶ 9. Why would the PCRA court grant resentencing if claims were still pending that could re-

sult in the grant of a new trial? The only logical interpretation of the events that transpired and the order memorializing those events is that all claims were disposed of at the conclusion of this proceeding: the requested resentencing was granted and the remaining claims were withdrawn. While the PCRA court recognized that Gaines might seek to raise additional claims based on new information, PCRA Court Order, 4/11/13, ¶ 5, when Gaines subsequently filed a petition seeking permission to amend his PCRA petition, there was no pending PCRA petition to amend.

The Majority takes the position that the PCRA court granted Gaines permission to amend his PCRA petition in its April 12, 2013 order. Maj. Op. at 16 n. 3. With due respect, the record does not support this conclusion. The PCRA court stated merely that Gaines' counsel "has alerted [it] to additional information that he has recently learned which **may** require him to amend [Gaines'] PCRA petition" and then ordered that Gaines remain in the local jail so that they could confer. PCRA Court Order, 4/11/13, ¶ 5 (emphasis added). This statement memorializes Gaines' counsel's intention to investigate whether a new source of information could give rise to additional claims, not an affirmative intention to raise additional claims or the grant of permission to raise such claims. Obviously, Gaines did not understand that he was granted permission to amend the PCRA petition since he affirmatively sought that precise relief when he filed a petition seeking permission to amend on May 21, 2013.

Critically, at the time of the hearing on his first PCRA petition, the period for Gaines to file a timely PCRA petition had run.[1] The PCRA expressly provides a mechanism for raising additional claims based upon new information discovered after the expiration of the one year time limit. See 42 Pa.C.S.A. § 9545(b)(1). Holding open a timely PCRA petition that has been fully adjudicated for the belated assertion of new claims runs afoul of the PCRA's jurisdictional time bar, which must be strictly construed. E.g. Commonwealth v. Fahy, 598 Pa. 584, 959 A.2d 312, 315 (2008) (holding PCRA time limits are jurisdictional in nature and must be strictly construed). While the PCRA court failed to recognize the timeliness issue (as evidenced by its reference to the potential filing of an "amended PCRA petition", PCRA Court Order, 4/12/13, ¶ 5), the record on appeal illuminates the defect.

For these reasons, I conclude that the petition that Gaines filed on May 21, 2013 was a second, untimely PCRA petition rather than an amendment to his first PCRA petition. As a separate, second PCRA petition, the PCRA court's disposition of it was completely unrelated to its disposition of Gaines' first PCRA petition (which awarded the resentencing) and the subsequent resentencing. In order words, the order denying Gaines' second PCRA petition, which is the order under review in this appeal, is entirely unconnected to Gaines' resentencing. There is no need to consider, as the Majority does, whether resentencing must occur before the PCRA order granting resentencing is deemed final and appealable. See Maj. Op. at 17–19.

1. Gaines' judgment of sentence became final on September 15, 2011. Accordingly, he had until September 15, 2012 to file a timely PCRA petition. See 42 Pa.C.S.A. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final...."). This second PCRA petition was filed on May 21, 2013, more than eight months late. While there are exceptions to the PCRA's statutory time bar, see id., Gaines did not plead, much less prove, any of these exceptions in his second PCRA petition. See PCRA Petition, 5/21/13.

The issue simply is not implicated under the facts of this case.

Nonetheless, I conclude, as does the Majority, that Gaines failed to timely file his notice of appeal. The PCRA court entered the order denying Gaines' second PCRA petition on July 15, 2013 and mailed it to Gaines on July 17, 2013. As the Majority correctly explains, the period of time for Gaines to file an appeal began on the date the order was mailed, July 17, 2013. Pa. R.A.P. 108(a)(1); *see also In re Fourth Statewide Investigating Grand Jury*, 510 Pa. 496, 509 A.2d 1260, 1261 (1986) (noting that generally that the entry date of an order is the day "the office of the government unit mails or delivers copies of the order to the parties"). Gaines was therefore required to file his appeal by August 16, 2013, but he did not. Accordingly, I agree that this appeal should be quashed as untimely.[2]

STABILE, J. joins this Concurring Opinion.

### DISSENTING OPINION BY BENDER, P.J.E.:

For the reasons stated *infra*, I would conclude that Appellant's appeal is timely, as it properly lies from the court's imposition of his new judgment of sentence on July 17, 2013. Accordingly, I respectfully dissent.

Initially, because the PCRA court's July 15, 2013 order denied Appellant's substantive claims, yet granted his challenge to the legality of his sentence, I consider it a hybrid order that was not final for purposes of Pa.R.Crim.P. 910. Clearly, that hybrid order upset the finality of Appellant's judgment of sentence, and it was not until July 17, 2013, that Appellant was resentenced. Appellant then had 10 days to file a timely post-sentence motion, which he did. *See* Pa.R.Crim.P. 720(A)(1). When the court issued its July 30, 2013 order granting that motion and correcting the RRRI Act[1] eligibility component of Appellant's sentence, the court's action in this case concluded. Because the lower court's July 30, 2013 order finalized the post-conviction proceedings, I would consider that order as the 'final' order for purposes of appeal. Accordingly, I would hold that Appellant had 30 days from the July 30, 2013 order to file an appeal from *both* the denial of his substantive PCRA claims, as well as the reimposition of his sentence. *See* Pa.R.Crim.P. 720(A)(2)(a) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed: (a) within 30 days of the entry of the order deciding the motion: . . . .").[2]

---

2. I note that because the second petition was untimely, even if Gaines had filed his appeal within thirty days of the order denying it, this Court would be without jurisdiction to decide the merits thereof. *Commonwealth v. Hernandez*, 79 A.3d 649, 654–55 (Pa.Super.2013). Likewise, the PCRA court was without jurisdiction to decide the merits of the untimely second PCRA petition. *Id.* at 654.

1. Recidivism Risk Reduction Incentive Act (RRRI Act), 61 Pa.C.S. §§ 4501–4512.

2. The Majority disagrees that the PCRA court resentenced Appellant, instead contending (without citation to any legal authority), that sentencing "is a trial court function, not a collateral proceeding function." Majority Opinion at 17. From this premise, the Majority imagines a scenario where a defendant files a timely petition raising "one guilt-phase claim and one sentencing-phase claim." *Id.* at 18. The PCRA court affords the defendant a "partial grant of relief" by awarding him a new trial, thereby "rendering the sentencing issue moot." *Id.* The Majority opines that, "[u]nder Appellant's proposed procedure, the Commonwealth would be **required** to wait to appeal this PCRA order until an order is imposed following the conclusion of the proceeding resulting from the partial grant of the relief ordered by the PCRA court, *i.e.*, the completion of the new trial." *Id.* (emphasis in original).

I acknowledge that in *Commonwealth v. Bryant*, 566 Pa. 307, 780 A.2d 646 (2001), our Supreme Court reversed this Court's attempt to apply a similar procedure in a *capital case*. *Id.* at 647 ("By quashing the appeal in the instant matter, the Superior Court indicated that the trial court must first hold a hearing and impose a new sentence before an appellate court can consider the denial of guilt-phase relief by the PCRA court. For the reasons that follow, we disagree."). In doing so, the *Bryant* Court first relied on the language of Rule 910 (which was at that time numbered as Pa.R.Crim.P. 1510) and Rule 341(b), to conclude that,

> [t]he Order of the PCRA court fully and finally disposed of all issues before it. Accordingly, it was a final order that Bryant, the Commonwealth or both could have appealed. Had Bryant not filed a notice of appeal within thirty days of the entry of the Order, as re-

quired by Pa.R.A.P. 903, he would have waived future review of the decision of the PCRA court.

*Bryant*, 780 A.2d at 648.

The Court next "consider[ed] whether the Superior Court erred in determining that review of the guilt phase issues must wait until the trial court imposes a new sentence." *Id.* at 648. In holding that this Court did err in that determination, the *Bryant* Court stated:

> Bryant asserts that the procedure endorsed by the Superior Court prejudices a defendant because it significantly delays the review of the merits of his claim. Moreover, it requires the defendant to endure the anxiety attendant to a capital re-sentencing procedure, although the underlying conviction may be reversed because of the errors raised on appeal. Along with these concerns, which are unique to the defendant, there are also concerns regarding the efficient

---

I disagree with this hypothetical for two reasons. First and foremost, in this case, the PCRA court *granted* Appellant's sentencing claim and *denied* his substantive claims. In the Majority's hypothetical, however, the PCRA court ruled *only* on the merits of the 'guilt-phase claim' and issued no ruling on the *moot* sentencing issue. Thus, the PCRA court's order in the Majority's hypothetical is not a 'partial grant of relief'—it is a total grant of relief. I cannot conceive of a scenario where a PCRA court's grant of a new trial would result in a truly 'hybrid' order, such as the order at issue in the present case. Accordingly, the Majority's fear that 'Appellant's rule' would apply to an order granting a new trial is unfounded.

Secondly, the Majority's hypothetical is premised on its unsupported declarations that sentencing is a trial court function, *id.* at 17, and "[t]here is no functional difference between a grant of resentencing and the grant of a new trial, as they both would artificially end collateral review under Appellant's rule," *id.* at 19. However, the Majority correctly (and contradictorily) acknowledges in a footnote that "[i]n appropriate circumstances, a PCRA court may impose the new sentence...." *Id.* at 18

n. 6; *see also Commonwealth v. Bartrug*, 732 A.2d 1287, 1289 (Pa.Super.1999) (recognizing that resentencing is not outside "the power or jurisdiction" of the PCRA court). In my view, when a PCRA court vacates an illegal sentence, that same court may also impose a new sentence. *See Bartrug, supra.* The same is not true when a PCRA court orders a new trial; *only* a trial court may preside over a criminal trial. Therefore, where a PCRA court issues an order granting a new trial, it is *clear* that that order ends the post-conviction proceedings, and is final for purposes of appeal. The same is not definitively true for a PCRA court's order granting a petitioner's challenge to the legality of his sentence and vacating his term of incarceration in anticipation that a new sentence will be shortly imposed.

For these reasons, I disagree with the Majority that 'Appellant's rule' could apply to an order granting a petitioner a new trial. Such orders would remain 'final' and immediately appealable even if we held today that hybrid orders (denying substantive claims and granting resentencing) are not appealable until the petitioner has been resentenced.

administration of justice. It would be wasteful of scarce judicial resources to empanel a new sentencing jury, apprise it of the facts of the underlying crime, hold a full hearing, instruct the jury about sentencing in a capital case and then allow it [to] deliberate and reach a decision, only to have the sentence rendered a nullity if the decision of the PCRA court regarding the guilt phase is reversed on appeal.

Re-sentencing the defendant before engaging in appellate review of the denial of PCRA relief also results in piecemeal litigation, delay in the determination of guilt phase issues, and potential misuse of judicial resources if the new sentence is rendered moot by subsequent disposition of the guilt phase issues. For these reasons, the orderly administration of justice requires that review of the PCRA court's decision denying guilt phase relief should precede the imposition of a new sentence by the trial court.

*Id.* at 648.

I would interpret the Supreme Court's decision in *Bryant* as applying only to capital petitioners. Notably, the *Bryant* Court explicitly stated that it was addressing "the correct procedure for a *capital* defendant to follow when the PCRA court grants his request for a new sentencing hearing, but denies his request for *guilt-phase* relief." *Bryant*, 780 A.2d at 647 (emphasis added). In both the Court's statement of the issue, and in its analysis thereof, the Court repeatedly used terms attendant only to death-penalty cases, such as "guilt-phase issues," "guilt-phase relief," and "capital resentencing." I presume that when the Supreme Court renders a decision, it chooses its wording carefully and purposefully; therefore, the plain language of *Bryant* limits the holding therein to capital cases.

Moreover, in my view, certain policy considerations emphasized by the *Bryant* Court do not apply to (or at least do not weigh as heavily in favor of) requiring non-capital petitioners to appeal prior to resentencing. Namely, non-capital petitioners do not have to "endure the anxiety attendant to a capital resentencing procedure," and resentencing in a non-capital case does not require all of the resources necessarily utilized in resentencing a capital defendant. *Id.* at 648. Furthermore, I believe that extending *Bryant's* procedural rule to non-capital defendants will hamper "the orderly administration of justice...." *Bryant*, 780 A.2d at 648. For instance, I cannot disregard the waiver trap that will inevitably result from the Majority's holding today, which requires a petitioner to file a notice of appeal from a hybrid order that denies his substantive claims, yet grants resentencing. A *pro se* petitioner, and attorneys inexperienced in the complexities of PCRA litigation, may reasonably presume that, as with a direct appeal, the petitioner must wait until *after* the court resentences him to file a notice of appeal. Such a presumption is logical when considering that if the petitioner files a notice of appeal *prior* to being resentenced, the lower court will lose jurisdiction and the petitioner's resentencing will be stayed until after the appeal from the denial of his substantive claims, which could take months, if not years.[3]

Additionally, deeming the order that resentences a PCRA petitioner as the final

---

**3.** Avoiding waiver of an appeal from the disposition of a petitioner's timely, first PCRA petition is especially important in light of this Court's recent decision in *Commonwealth v. Henkel*, 90 A.3d 16 (Pa.Super.2014) (construing Pennsylvania Supreme Court precedent as holding that claims of ineffective assistance of post-conviction counsel may not be raised for the first time on appeal), and the general rule "that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Com-*

order for purposes of appealing from both the denial of substantive claims and the resentencing prevents multiple appeals, which conserves the judicial resources of this Court. Under the Majority's holding, we will now be faced with the possibility of *two* appeals: one, from the PCRA court's order denying the substantive claims, and another if the petitioner chooses to challenge the new sentence.

The procedure mandated in *Bryant* is also not appropriate in non-capital cases because, unlike capital petitioners who *necessarily* will be resentenced to either life imprisonment, or the penalty of death, non-capital petitioners have no assurance of any certain sentence. Consequently, the Majority's holding that requires non-capital petitioners to file an appeal from the denial of their substantive claims, prior to being resentenced, poses two significant problems. First, such a procedure could result in a petitioner's serving unnecessary prison time if the disposition of their appeal from the denial of their substantive claims takes *longer* than the new sentence ultimately imposed by the court.[4] Second, our legislature clearly stated in the PCRA that to be eligible for relief, a petitioner must plead and prove, *inter alia*, that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner

who is awaiting resentencing will not be able to meet this burden.

In sum, the considerations discussed herein compel me to conclude that the procedure mandated in *Bryant* applies only to capital petitioners. Thus, I would hold that in non-capital cases, an appeal from a hybrid PCRA order that denies substantive claims, yet grants resentencing, must be filed within 30 days of the order resentencing the petitioner, or within 30 days of an order deciding a timely-filed post-sentence motion. In that appeal, the petitioner would be permitted to challenge both the PCRA court's denial of his substantive claims, as well as raise any issues regarding the new sentence imposed by the court.

In this case, Appellant's notice of appeal was filed within 30 days of the PCRA court's July 30, 2013 order granting his timely-filed post-sentence motion. Therefore, I would deem his appeal timely and conclude that we have jurisdiction to review the merits of this appeal. Because the Majority holds otherwise, I dissent.

President Judge GANTMAN and Judge SHOGAN join this dissenting opinion.

---

*monwealth v. Wharton,* 584 Pa. 576, 886 A.2d 1120, 1127 (2005) (citations omitted).

4. A hypothetical demonstrates this point. A defendant files a PCRA petition challenging the legality of his sentence and raising claims of ineffective assistance of counsel. The PCRA court grants his sentencing claim and schedules a resentencing hearing, but denies his ineffectiveness assertions. Before being resentenced, the defendant files an appeal from the order denying his substantive claims and his resentencing hearing is stayed as a result. While the defendant's appeal is pending, he remains incarcerated. It takes one year for this Court to consider the appeal and

affirm the PCRA court's order denying the defendant's petition. He then files a petition for permission to appeal to our Supreme Court, which is denied after another three months pass. When the lower court finally regains jurisdiction after 15 months, it resentences the defendant to a term of 6 to 12 months' incarceration. The petitioner is given credit for time served and is immediately released. However, he has been forced to serve an unnecessary three months of incarceration, not to mention the time he served prior to and during the course of trial and the PCRA proceedings below.